■ MARTIN DELL, Respondent-Appellant, *v.* CHICAGO TRIBUNE-NEW YORK NEWS SYNDICATE INC., Appellant-Respondent.— Order, entered on October 4, 1963, modified on the law, to dismiss the first and second causes of action and,

as so modified, affirmed, with $30 costs and disbursements to defendant-appellant-respondent. Plaintiff's complaint contains three causes of action. Both sides moved for summary judgment. The court denied both motions except to the extent of dismissing the third cause of action. We believe that neither of the first two causes of action alleges a valid ground for recovery. The allegations are that plaintiff, having a well-established reputation in the field of creating various kinds of puzzles, originated a certain type of puzzle, originally called "Scramble" and later "Jumble." He entered into a contract with defendant in 1954. The contract provided that plaintiff would supply the materials and format for a Jumble puzzle each week day for the period of one year. The contract was renewed annually for six years. In 1961 the parties failed to agree on a renewal. Thereafter defendant continued to publish a Jumble puzzle daily. The first cause of action is for appropriation of literary property. The second cause is for unjust enrichment in the use of the literary property, presumably after 1961. The third cause of action is on an implied contract that the Jumble idea would not be used without compensating plaintiff therefor. It is patent that the second cause of action depends on the first — if there was no appropriation of plaintiff's property, there was no unjust enrichment. The difficulty with plaintiff's position is that in 1961 he had no property interest in this puzzle game. Once the matter was published plaintiff's rights, whatever they may have consisted of, were gone (*Jewelers' Mercantile Agency* v. *Jewelers' Weekly Pub. Co.*, 155 N. Y. 241; *Holmes* v. *Hurst*, 174 U. S. 82; *Varconi* v. *Unity Tel. Corp.*, 11 Misc 2d 191). Plaintiff did not even retain the right to copyright the published puzzles, having ceded that right to defendant in the contract. As to the third cause of action, Special Term correctly determined that no facts were asserted from which the alleged implied contract could be found to exist. Concur — Rabin, J. P., Stevens and Steuer, JJ.; Valente and Staley, JJ., dissent and vote to affirm upon the opinion of Nunez, J., at Special Term.